**United States District Court**
**District Of Maryland**

   Chambers of                                                                                                                                                    101 West Lombard Street
**Ellen Lipton Hollander**                                                                                     Baltimore, Maryland 21201
   District Court Judge                                                                                                         410-962-0742

November 10, 2020

MEMORANDUM TO COUNSEL

      Re:    *Chase Standage v. Kenneth Braithwaite, et al.*
               Civil No.:  ELH-20-2830

Dear Counsel:

      This Memorandum is in response to the government's letter of November 10, 2020. *See* ECF 24.

      As you know, plaintiff filed suit on September 30, 2020 (ECF 1), along with a motion for preliminary injunction. ECF 2 ("P.I. Motion"). As a result, the Court held a scheduling telephone conference with counsel on the same date. *See* Docket. As discussed, the Court issued a schedule for briefing of the P.I. Motion and set a hearing date. ECF 4. The Order of October 1, 2020 followed. *See* ECF 5.

      As counsel will surely recall, the Court issued the Order of October 1, 2020 (ECF 5) with the express consent of the government, tendered during the initial telephone conference held on September 30, 2020. The Order (ECF 5) provides, in part, that defendants "are precluded from taking any further steps to separate Plaintiff" from the Naval Academy, "including the issuance of a Memorandum Report to the Assistant Secretary of the Navy for Manpower & Reserve Affairs . . . ." (the "Report). Further, the language in ECF 5 provides that the Order is to remain in place "pending the Court's disposition of Plaintiff's Motion for a Preliminary Injunction . . . ." *Id.* at 1. Significantly, no date for a ruling was set.

      Thereafter, the government moved to dismiss ECF 1 and opposed the P.I. Motion. ECF 8. Plaintiff subsequently filed an Amended Complaint (ECF 11) but the government did not file a new motion to dismiss.

      In accordance with ECF 4, the Court held a P.I. Motion hearing on October 30, 2020. ECF 16. It was quite a lengthy hearing – several hours in duration. Thereafter, I held two scheduling telephone conferences with counsel. *See* Docket.

      On November 9, 2020, I issued an Amended Order (ECF 23), which modified ECF 5. Contrary to the government's suggestion in ECF 24, ECF 23 is not a Temporary Restraining Order ("TRO"). Indeed, plaintiff never filed a motion for a TRO. Rather, he filed the P.I. Motion. *See* ECF 2. And, the scheduling in this case, as well as the hearing held on October 30,

2020 (ECF 16), have been directed to resolution of the P.I. Motion (ECF 2), as well as the government's motion to dismiss the suit (ECF 8).

The Amended Order (ECF 23) merely lifts certain restrictions in ECF 5 concerning issuance of the Report. It states, in part, that "the Parties *may* proceed with the issuance of the" Report. (Emphasis added). Notably, ECF 23 does not *require* or *compel* the Navy to proceed with issuance of the Report.

In short, I view ECF 23 as a modification of ECF 5, to which the government previously consented. Because ECF 23 merely lifts some of the restrictions in ECF 5 imposed upon defendants, it is difficult to understand the government's objection, as set forth in ECF 24. Given that ECF 23 simply affords the defense the option of proceeding with issuance of the Report, I see no reason to alter the Order of November 9, 2020.

Further, in ECF 24, the government indicates that the Court suggested the filing by plaintiff of a second amended complaint. At the hearing on October 30, 2020, concerning the P.I. Motion (ECF 16), the Court inquired of plaintiff's counsel regarding ambiguity concerning a claim in the Amended Complaint (ECF 11) based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, *et seq*. In particular, my inquiry was prompted by allegations in the Amended Complaint in which plaintiff expressly asserted that the Navy's conduct "must be enjoined and overturned in accordance with 5 U.S.C. § 706(2)(A) and (B)." ECF 11, ¶ 77. Further, plaintiff made a similar assertion in ECF 11, ¶ 83.

The record of the hearing will speak for itself. But, my memory is that plaintiff's counsel responded to my inquiry about the APA by stating that he believed he had asserted a claim under the APA, albeit inartfully.

With that in mind, in our post-hearing status conference, I asked plaintiff's counsel if he intended to file a second amended complaint, so as to clarify his reliance on the APA. And, the second amended complaint was filed by consent. *See* ECF 22.

In my Order of November 4, 2020 (ECF 19), I confirmed the schedule established during our telephone conferences on November 3 and November 4, 2020. It was my understanding that the government wished to supplement its motion to dismiss in light of the anticipated filing of a second amended complaint. In this regard, I note that the motion to dismiss is directed to the original Complaint (ECF 1), which has twice been superseded.

"The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Because an amended complaint supersedes the original pleading, "motions directed at superseded pleadings are to be denied as moot." *Freckleton v. Target Corp.*, 81 F. Supp. 3d 473, 479-80 (D. Md. 2015) (quoting *Blount v. Carlson Hotels*, 3:11CV452-M0C-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011)).

I could have denied the government's motion to dismiss, as moot. Because I am striving to move the case expeditiously, I did not do so. Instead, I have allowed both sides to supplement

their original submissions, rather than waste time and resources by requiring everyone to begin anew.

In this light, I am dismayed by the government's attempt in ECF 24 to withdraw its earlier consent to ECF 5, ostensibly because "of the anticipated time it will take the Court to decide the [P.I.] motion . . . ." ECF 24 at 1. The government has provided no authority for its ability to withdraw its consent, on which the Court (and plaintiff's counsel) have relied in outlining the current briefing schedule, as set forth in ECF 19. Indeed, the government's final submission is not due until November 30, 2020, and then I need an opportunity to consider all of the supplemental submissions.

In sum, this is a difficult and complicated case, as the submissions make clear. There is no timetable by which the Court is required to decide the P.I. Motion, and I am doing my best to accommodate the desire of the parties to brief fully the complex issues, while taking into account the demands on the Court with respect to countless other cases.

For these reasons, the request to rescind or modify ECF 23 is DENIED.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                  Sincerely,

                                  /s/
                                Ellen Lipton Hollander
                                United States District Judge